In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-524 CV


____________________



IN THE ESTATE OF IRMA LOU WILCOX






On Appeal from the County Court at Law No. 1


Jefferson County, Texas


Trial Cause No. 77841-B






MEMORANDUM OPINION


 Appellant Mary Lou Wilcox appeals from an order granting summary judgment in
favor of appellee Peter Wilcox. Finding no error, we affirm.

Background


 Mary Lou Wilcox and her brothers, H. Douglas Wilcox ("Doug"), Rex E. Wilcox,
and Peter V. Wilcox were named as beneficiaries under the will of their mother, Irma Lou
Wilcox. The will named Doug and Rex as independent co-executors and Peter as an
alternate co-executor. After the will was admitted to probate, Mary Lou sued Doug, Rex,
and Peter, as well as an accountant and his firm. Mary Lou alleged numerous causes of
action, including fraud, negligent misrepresentation, civil conspiracy, negligence, 
professional malpractice, breach of fiduciary duty, conversion, and tortious interference
with inheritance rights. Mary Lou also sought a "full, complete, truthful and lawful
inventory and accounting of the properties of the Estate." 

 Peter filed a hybrid motion for summary judgment that asserted he was entitled to
judgment as a matter of law on each of Mary Lou's claims because he owed no duty to her
and that Mary Lou had no evidence to support any of her causes of action against him. 
See Tex. R. Civ. P. 166a(c), (i). The trial court entered an order granting summary
judgment in favor of Peter, and Mary Lou appealed. 

Mary Lou's First Issue


 In her first issue, Mary Lou asserts that the trial court erred "when it granted
Appellee's amended motion for partial summary judgment on a contested issue of fact
regarding the existence of an informal fiduciary relationship between siblings." Mary Lou
later restates her first issue as: "[s]ummary judgment should be reversed because Appellee
failed to conclusively establish, with summary judgment evidence, that no fiduciary
relationship existed between him and his sister, Mary Lou."

 We review the trial court's summary judgment order de novo. See Provident Life
& Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). With a traditional
motion for summary judgment, the movant bears the burden of establishing that there is
no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c); Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.
1995). A defendant moving for summary judgment must negate at least one element of
each of the plaintiff's theories of recovery or plead and conclusively establish each element
of an affirmative defense. Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex.
1997). If the moving party produces evidence entitling him to summary judgment, the
burden shifts to the nonmovant to present evidence that raises a material fact issue. Walker
v. Harris, 924 S.W.2d 375, 377 (Tex. 1996). In deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the nonmovant
will be taken as true. Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 548-49 (Tex.
1985). Every reasonable inference must be indulged in favor of the nonmovant and any
doubts resolved in his favor. Id. at 549.

 We review the trial court's granting of no-evidence motions for partial summary
judgment under the standards set forth in Rule 166a(i). See Tex. R. Civ. P. 166a(i). To
defeat a no-evidence summary judgment motion, the non-movant must produce summary
judgment evidence raising a genuine issue of material fact regarding each element
challenged by the movant. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex.
2004). The non-movant raises a genuine issue of material fact by producing "more than
a scintilla of evidence" establishing the challenged element's existence. Forbes, Inc. v.
Granada Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003). More than a scintilla of
evidence exists when the evidence is such that reasonable and fair-minded people can differ
in their conclusions. Ridgway, 135 S.W.3d at 601. If "the evidence offered to prove a
vital fact is so weak as to do no more than create a mere surmise or suspicion of its
existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." 
Id. (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)). 

 In determining whether the non-movant has produced more than a scintilla of
evidence, we view the evidence in the light most favorable to the non-movant and
disregard all contrary evidence and inferences. Ridgway, 135 S.W.3d at 601; King Ranch,
Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 541 U.S. 1030, 124
S.Ct. 2097, 158 L.Ed.2d 711 (2004). When, as in this case, the trial court granted
summary judgment without specifying the grounds for doing so, the appellant must show
it is error to base the judgment on any ground asserted in the motion for summary
judgment. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).

 When the trial court entered its summary judgment order, Mary Lou's live pleading
was her third amended petition. Mary Lou's third amended petition did not allege that an
informal fiduciary relationship existed between her and Peter by virtue of their status as
siblings. In that petition, Mary Lou asserted the following as to Peter: "Peter has at times
purported to exercise the powers and duties of a Co-Executor of the Estate. In addition,
Peter is joined in this action as a necessary party interested in the Estate." Mary Lou did
not allege that her status as Peter's sibling gave rise to an "informal fiduciary relationship"
until her fourth amended petition, which was not filed until after the trial court had entered
summary judgment in favor of Peter. (1)

 The trial court must decide motions for summary judgment based on the pleadings,
discovery, and evidence on file at the time of the hearing. See Tex. R. Civ. P. 166a(c). 
Once the hearing date for a motion for summary judgment has passed, a party may only
file an amended pleading if the trial court has not signed a judgment and the party secures
a written order granting leave to do so. See id.; Tex. R. Civ. P. 63; Cherry v. McCall,
138 S.W.3d 35, 43 (Tex. App.--San Antonio 2004, pet. denied); Hussong v. Schwan's
Sales Enters., Inc., 896 S.W.2d 320, 323 (Tex. App.--Houston [1st Dist.] 1995, no writ). 
Mary Lou did not amend her petition until after the trial court had already signed its
summary judgment order, and the record reflects she did not secure a written order
granting her leave to amend. Therefore, despite the filing of Mary Lou's fourth amended
petition, the trial court did not err by granting summary judgment in favor of Peter. 

 Mary Lou also argues that because Peter's hybrid motion was entitled "Amended
Motion for Partial Summary Judgment Pursuant to T.R.C.P. 166a(c); and Amended No-Evidence Motion for Partial Summary Judgment Pursuant to 166a(i)," and the trial court's
order was entitled "Order on Defendant's Amended Motion for Partial Summary
Judgment," the trial court granted summary judgment on traditional, not no-evidence,
grounds. (2) We disagree. The trial court's order simply recites that the court was granting
"partial judgment." The order did not specify whether the court was granting traditional
summary judgment under Tex. R. Civ. P. 166a(c) or 166a(i). Therefore, we conclude the
trial court's order may have been based on either traditional or no-evidence grounds. 
Because Mary Lou challenges only Peter's proof as to lack of an "informal fiduciary
relationship" on traditional summary judgment grounds, we do not consider the propriety
of the summary judgment in favor of Peter as to any other grounds, including "no
evidence." (3) See Tex. R. App. P. 38.1(h); Malooly Bros., Inc. v. Napier, 461 S.W.2d 119,
121 (Tex. 1970); Dow Chem. Co., 46 S.W.3d at 242. Issue one is overruled.

Mary Lou's Second Issue


 In her second issue, Mary Lou argues that the trial court erred when it entered a
final summary judgment "because it failed to dispose of all of Mary Lou's claims and
retroactively granted final summary judgment on a pleading that had been superseded by
amendment." The summary judgment order itself does not contain language of finality. 
However, 

 [a] judgment that finally disposes of all remaining parties and claims,
based on the record in the case, is final, regardless of its language. A
judgment that actually disposes of every remaining issue in a case is not
interlocutory merely because it recites that it is partial or refers to only some
of the parties or claims.


Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001) (footnote omitted).


 After entering summary judgment in favor of Peter, the trial court entered an order
severing Mary Lou's claims against Peter. The severance order recited as follows: 

 [U]pon the Court's signing of this Order, the Order Granting Partial
Summary Judgment in favor of Peter V. Wilcox dated August 24, 2005 will
become the final order in the Severed Cause. The Court finds that, because
of the severance ordered herein, all issues and matters between Peter V.
Wilcox and Mary Lou Wilcox have been decided, and that this Order
constitutes a final judgment in the Severed Cause. 


We find the severance order unequivocally makes the partial summary judgment order
final. See id. Mary Lou contends that the trial court's summary judgment order purported
to grant the motion solely on traditional grounds, leaving her other claims unadjudicated.
We rejected this argument under issue one, and we again do so here. Because the trial
court's order did not recite whether it was based on traditional or no-evidence grounds, the
order could have been based upon either.

 Mary Lou also argues that the trial court erred in "retroactively" making the
previous summary judgment final after an amended petition had been filed. As we
explained above, the trial court properly entered summary judgment based upon the
pleadings, discovery, and evidence before it. See Tex. R. Civ. P. 166a(c); Cherry, 138
S.W.3d at 43; Hussong, 896 S.W.2d at 323. Contrary to Mary Lou's assertion, the trial
court's subsequent severance order did not "retroactively" finalize the summary judgment
because Mary Lou did not properly amend her petition before the trial court signed its
summary judgment order. The trial court's order simply severed the already-adjudicated
claims between Peter and Mary Lou and placed them in a separate cause.

 We also reject Mary Lou's contention that the summary judgment is interlocutory
because it does not expressly dispose of Peter's counterclaim. Because the trial court's
severance order contains unmistakable language of finality and recites that the summary
judgment disposes of all parties and claims in the severed cause, we hold the summary
judgment order became final upon entry of the severance order. See Lehmann, 39 S.W.3d
at 205 (When there has not been a conventional trial on the merits, an order or judgment
is final for purposes of appeal if it actually disposes of every pending claim and party or
clearly and unequivocally states that it finally disposes of all claims and all parties.);
Harris County Flood Control Dist. v. Adam, 988 S.W.2d 423, 426 (Tex. App.--Houston
[1st Dist.] 1999), pet. denied, 66 S.W.3d 265 (Tex. 2001) (per curiam) (A partial
summary judgment becomes final and appealable upon severance of the parties and claims
disposed of by the partial judgment.). Issue two is overruled.

Mary Lou's Third Issue


 In her third issue, Mary Lou argues that "the trial court abused its discretion in
severing the claims against Appellee that involve the same facts and issues against the other
defendants, who would be jointly and severally liable with Appellee for an indivisible
injury." We review the trial court's decision to grant a severance under an abuse of
discretion standard. Guaranty Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d
652, 658 (Tex. 1990). 

 Rule 41 of the Texas Rules of Civil Procedure provides that "[a]ny claim against
a party may be severed and proceeded with separately." Tex. R. Civ. P. 41. 

 A claim is properly severable if (1) the controversy involves more than one
cause of action, (2) the severed claim is one that would be the proper subject
of a lawsuit if independently asserted, and (3) the severed claim is not so
interwoven with the remaining action that they involve the same facts and
issues.


Guaranty Fed. Sav. Bank, 793 S.W.2d at 658. The trial court has broad discretion in
determining whether to sever an interlocutory summary judgment. Arredondo v. City of
Dallas, 79 S.W.3d 657, 665 (Tex. App.--Dallas 2002, pet. denied). Mary Lou's argument
regarding joint and several liability assumes that Peter is liable. However, the trial court's
summary judgment constitutes a determination that Peter is not liable to Mary Lou, either
"jointly" or "severally." Therefore, the trial court did not abuse its discretion by severing
Mary Lou's claims against Peter into a separate cause. Issue three is overruled, and the
summary judgment is affirmed.

 AFFIRMED. 


 

 STEVE McKEITHEN

 Chief Justice



Submitted on April 13, 2006

Opinion Delivered May 11, 2006


Before McKeithen, C.J., Gaultney and Kreger, JJ. 
1. Mary Lou's fourth amended petition asserted: "Peter also has a relationship of
trust and confidence with Mary Lou as her brother. . . . Peter violated this relationship
of trust by assisting Rex and Doug in the unfair handling and distribution of estate assets
and records." 
2. Mary Lou contends that "the order, on its face, is not silent as to the reasons for
granting the motion; it specifically states that the amended motion for partial summary
judgment is granted - no other motion is listed as being granted and no mention of the no-evidence motion is included." 
3. Peter asserted Mary Lou had no evidence supporting her claims of fiduciary duty,
action for accounting, fraud, negligent misrepresentation, civil conspiracy, negligence, 
professional malpractice, conversion, or tortious interference as to him.