# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00778-CV

**Mercedes Polk, Individually and on Behalf of the Estate of William Polk, Deceased, Appellant**

**v.**

**The City of Killeen, Woodard Construction Company, Alan Raley Dillon and Jack Charles Edwards, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT NO. 197,949-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from summary judgments granted in favor of the City of Killeen, Woodard Construction Company, Alan Raley Dillon, and Jack Charles Edwards on the wrongful death and survival claims of Mercedes[1] Polk in connection with the death of her son William Polk. The issues on appeal are (1) whether the trial court erred in denying leave for Polk to file a second amended petition the day of the hearing on the City of Killeen's motions for summary judgment and (2) whether Polk met her burden of demonstrating that a material fact issue existed with respect to whether William suffered compensable injuries in the traffic accident. We affirm the summary judgments.

---

[1] Appellant's name is alternately spelled "Mercedese" and "Mercedes" on various documents throughout the record. The Notice of Appeal in this Court, in fact, is styled with the spelling "Mercedese," but uses the spelling "Mercedes" in the operative paragraph. We will use the spelling "Mercedes" for the sake of consistency.

On May 22, 2001, William Polk was found unresponsive on the floor at his place of employment, an elementary school in Killeen. When the Killeen Fire Department Emergency Medical Services personnel arrived, William was in full cardiac arrest and without pulse or respiration. EMS personnel attempted to resuscitate William. He was placed in an ambulance driven by Alan Dillon to be transported to the hospital while resuscitation efforts continued. On the way to the hospital, the ambulance collided with a vehicle owned by Woodard Construction Company and driven by Jack Edwards. There were no injuries.[2] William was then placed in another ambulance and transported to the hospital. Resuscitation efforts were not successful and William was pronounced dead shortly after arriving at the hospital. An autopsy was performed and the medical examiner concluded that the cause of death was "complications of morbid obesity."

On May 19, 2003, Polk sued appellees under the Wrongful Death Act and the Survival Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 71.004, .021 (West 1997). Her first amended petition alleged:

> As a result of said collision [between the ambulance driven by Dillon and the other vehicle driven by Edwards], William Polk was denied the emergency medical treatment that he needed, and ultimately died as a result of the denial of such treatment. Had William Polk received medical treatment in a timely fashion, it is Plaintiff's belief that he had a greater than fifty percent chance of survival.

---

[2] During the accident, William slid off of the stretcher in the ambulance. Apparently, he had not been strapped to the stretcher due to his size. The summary judgment evidence indicated that he weighed 356 pounds.

2

The appellees filed general denials in June 2003.[3] Approximately one year later, both the City of Killeen and Woodard Construction Company filed traditional motions for summary judgment asserting that Polk's wrongful death claim failed as a matter of law because William had "far less than fifty percent chance of survival at the time that EMS personnel arrived at his place of employment and began treating him." They both attached as summary judgment evidence the affidavit of Dr. William C. Daney, an emergency room physician, who stated that "Mr. Polk received the standard of care for cardiac resuscitation and that unequivocally and in all medical probability he was unable to be brought back to life from the time he was first treated by Killeen Fire Department EMS." In the affidavit, Dr. Daney concluded that "Mr. Polk had far less than a fifty percent chance of being resuscitated." The City of Killeen also filed a no-evidence motion for summary judgment with respect to Polk's negligence claim.

A hearing on the City of Killeen's motions for summary judgment was initially set for September 3, 2004. Although the case had been pending for more than a year at this time, Polk requested additional time to find an expert who would testify that William had a greater than fifty percent chance of survival at the time the EMS personnel arrived at his place of employment and began treating him. The hearing was then rescheduled for December 3, 2004. After consulting with an expert cardiologist, Polk confirmed that William's chance of survival was less than fifty percent at the time the EMS began treating him. Thus, on the day before the December 3 summary judgment hearing, Polk filed: (1) a motion to nonsuit her claims against appellees for wrongful

---

[3] We will refer to the City of Killeen and Alan Dillon collectively as "the City of Killeen," and we will refer to Woodard Construction Company and Jack Edwards collectively as "Woodard Construction Company."

death, (2) a request for leave to file a late response to defendants' motions for summary judgment, and (3) a second amended petition omitting the wrongful death claims and more specifically detailing her negligence claim for injuries sustained by William as "he was thrown about inside the ambulance" during the collision.

At the December 3 hearing, the trial court orally granted the City of Killeen's traditional and no-evidence motions for summary judgment and also signed an order nonsuiting Polk's claims against all of the appellees for wrongful death. The docket sheet contains a notation that "leave [was] denied to file late amended petition" at the hearing. On January 6, 2005, the trial court signed an order granting summary judgment in favor of the City of Killeen. Polk then filed a motion for new trial, which was heard by the trial court on March 18, 2005, and denied. The order denying Polk's motion for new trial stated that Polk's claims against Woodard Construction Company and Jack Charles Edwards remain pending.

On April 28, 2005, Woodard Construction Company filed an amended motion for summary judgment. The amended motion stated that "[a]s Mr. Polk had less than a fifty percent chance of survival, [Polk] has no claim against [Woodard Construction Company], and summary judgment should be granted for [Woodard Construction Company]." The amended motion also alleged that "[Polk] has produced no evidence, and can produce no evidence concerning causation for [of] damages." Polk responded to the amended motion, stating that as a result of the nonsuit, "[t]he only remaining cause of action is a survival claim on behalf of William Polk for injuries he sustained in the negligent collision." She further alleged that: "(1) there was a negligent collision; (2) the named defendants were, at least, partially responsible for said collision; (3) William Polk was

4

throw[n] about inside the ambulance upon impact; and (4) he sustained injuries: right upper back contusion and right temporal subscalpular hemmor[h]age." Polk attached as evidence the police investigative report of the accident, a statement from a police officer at the scene of the accident, and the autopsy report. On June 17, 2005, the trial court heard and granted Woodard Construction Company's amended motion for summary judgment.

Polk appeals the trial court's two summary judgments entered on January 6, 2005, and June 17, 2005, in favor of the City of Killeen and Woodard Construction Company, respectively. Her first two issues on appeal pertain only to the summary judgment granted in favor of the City of Killeen, and her remaining two issues pertain only to the summary judgment granted in favor of Woodard Construction Company.

In her first issue, Polk contends that the trial court erred by denying her leave to file a second amended petition omitting her claims for wrongful death and more specifically detailing her survival claims for injuries sustained by William in the accident. We review the trial court's decision whether to grant leave to file an amendment for an abuse of discretion. *Graham v. Adesa Tex., Inc.*, 145 S.W.3d 769, 774 (Tex. App.—Dallas 2004, pet. denied).

Texas Rule of Civil Procedure 63 provides that parties may amend their pleadings at such time as not to operate as a surprise to the opposite party, provided that any pleadings offered for filing within seven days of the date of trial or thereafter "shall be filed only after leave of the judge is obtained." Tex. R. Civ. P. 63. In this case, Polk filed her second amended petition on December 2, 2004, the day before the hearing on the City of Killeen's motions for summary judgment. There is no document in the record indicating that Polk obtained or requested leave of

court before filing this second amended petition. Instead, the docket sheet of the December 3 hearing contains the notation, "leave denied to file late amended petition." When, as here, a party files an amendment on the eve of trial[4] without first seeking leave of court, we will generally not consider the party's complaint that the trial court abused its discretion in refusing to grant leave. *Cherry v. McCall*, 138 S.W.3d 35, 43 (Tex. App.—San Antonio 2004, pet. denied); *Corpus Christi Area Teachers Credit Union v. Hernandez*, 814 S.W.2d 195, 203 (Tex. App.—San Antonio 1991, no writ). However, in addition to failing to seek leave, Polk made no showing of any kind upon which the trial court could base a finding that leave to file the late amendment would be warranted. Therefore, we find that the trial court did not abuse its discretion in refusing her request for leave at the hearing.

Even if the trial court's refusal to grant Polk leave to file her second amended petition could be viewed as a potential abuse of discretion, any error was harmless. Polk's second amended petition was identical to her first amended petition except that it omitted her claims for wrongful death and provided additional information detailing how William was injured in the accident. Specifically, she alleged that "Decedent William Polk had not been properly strapped down/tied down as he was being transported in the ambulance. At impact, he was thrown about inside the ambulance and was injured." Although these details were omitted from her first amended petition, their inclusion in her second amended petition did not change the nature of her survival claims against appellees or, as discussed below, raise a material fact issue as to whether William was alive at the time of the accident such that he could have experienced a compensable injury.

---

[4] A summary judgment hearing is a trial within the meaning of rule 63. *Domizio v. Progressive County Mut. Ins. Co.*, 54 S.W.3d 867, 876 (Tex. App.—Austin 2001, pet. denied).

Therefore, because the denial of leave to file the amended petition neither caused the rendition of an improper judgment nor prevented Polk from properly presenting her appeal to this Court, it was harmless. *See* Tex. R. App. P. 44.1.

In her second issue, Polk contends that the trial court erred by granting the City of Killeen's traditional and no-evidence motions for summary judgment because a material fact issue existed with respect to whether William suffered compensable injuries in the accident. We review a summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). In reviewing a traditional motion for summary judgment, we consider whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense in order to be entitled to judgment as a matter of law. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Under this traditional standard, we take as true all evidence favorable to the nonmovant, and we make all reasonable inferences in the nonmovant's favor. *See Joe*, 145 S.W.3d at 157. When, as here, a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

After Polk nonsuited her claims against appellees for wrongful death, the only remaining claims sought damages for pain and suffering, mental anguish, and bodily injuries

7

allegedly sustained by William during the accident. Such claims constitute a survival action, which is wholly derivative of the decedent's rights. *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992). The actionable wrong is that which the decedent suffered before his death, and the damages recoverable are those which "he himself sustained while he was alive." *Id.* In this case, the City of Killeen submitted uncontroverted evidence in support of its traditional motion for summary judgment establishing that William was "unable to be brought back to life from the time he was first treated by Killeen Fire Department EMS" at the school where he collapsed. Polk did not submit any evidence showing that William sustained an injury during the accident *while he was alive*. On this record, we conclude that the City of Killeen met its burden of establishing that William was not alive at the time of the auto accident involving the ambulance and that summary judgment was proper on Polk's claims for pain and suffering, mental anguish, and bodily injuries allegedly sustained by William in the accident.

Summary judgment was also proper on the City of Killeen's no-evidence grounds. A party may move for summary judgment on the ground that there is "no evidence" of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See id.* We review the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* More than a scintilla

of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (citing *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

In this case, the only evidence submitted by Polk in opposition to the City of Killeen's no-evidence motion for summary judgment was the police investigative report of the accident, a statement from a police officer at the scene of the accident, and the autopsy report. However, none of this evidence suggested in any way that William was alive at the time of the auto accident such that the appellees' alleged negligent acts could have caused him to sustain a compensable injury. Instead, the accident report used the injury code "N" to reflect that William was "not injured" in the accident. The autopsy report indicated that William had a small contusion on his right upper back and a small hemorrhage under his shoulder blade but did not indicate whether he received these injuries as a result of the auto accident or when he initially collapsed. Similarly, although the statement from the police officer confirmed that William slid off the stretcher because he was "a very large individual," it did not state that William was alive at the time. We conclude that Polk did not submit any evidence to meet her burden of demonstrating the existence of a material fact issue as to whether William suffered any injury or damage as a result of the auto accident.

In her third issue, Polk contends that the trial court erred by granting summary judgment in favor of Woodard Construction Company because its motion for summary judgment did not address Polk's survival claims for injuries allegedly sustained by William in the accident. We disagree. The record shows that Woodard Construction Company alleged in its amended motion for summary judgment that "plaintiff has produced no evidence, and can produce no evidence concerning causation for [of] damages." To defeat summary judgment on these no-evidence

9

grounds, Polk had to prove that there was a genuine issue of material fact on the challenged elements of causation and damages. However, as previously discussed, Polk submitted no evidence establishing that William was alive at the time of the accident such that any negligent acts of the appellees could have caused him to sustain a compensable injury.

In her fourth and final issue, Polk contends that both her second amended petition and her response to Woodard Construction Company's amended motion for summary judgment raised a fact issue with respect to whether William suffered compensable injuries in the accident. However, our review of the record reflects that Polk did not submit any evidence aside from the police investigative report of the accident, a statement from a police officer at the scene of the accident, and the autopsy report. We have already concluded that this evidence did not raise an issue of material fact with respect to whether any alleged negligent acts by the appellees caused William to suffer a compensable injury during the traffic accident. Therefore, summary judgment in favor of Woodard Construction Company on Polk's survival claims was proper.

Having overruled Polk's issues on appeal, we affirm the summary judgments.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Affirmed

Filed:   March 28, 2007

10