**PACIFIC WEST GROUP, INC.,
Plaintiff—Appellant,**

v.

**REAL TIME SOLUTIONS, INC., e/s/a
Real Time Resolutions Inc.,
Defendant—Appellee.**

No. 07–56032.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2008.

Filed Nov. 24, 2008.

---

** The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedential except as provided by 9th Cir. R. 36–3.

---

John W. Tulac, Esquire, Claremont, CA, for Plaintiff–Appellant.

Leslie A. Greathouse, Esquire, Spencer Fane Britt & Browne, LLP, Kansas City, MO, Antoinette P. Hewitt, Esquire, Kutak Rock LLP, Irvine, CA, for Defendant–Appellee.

Before: RYMER and M. SMITH, Circuit Judges, and KORMAN,* District Judge.

## MEMORANDUM **

Pacific West Group, Inc. (Pacific West), appeals the district court's partial judgment on the pleadings and partial summary judgment in its diversity action against Real Time Resolutions, Inc. (Real Time), for breach of contract, fraud, and negligent misrepresentation arising out of the sale of certain loans. Because the parties are familiar with the facts, we do not recount them here, except as is necessary to explain our decision. We have

---

* The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.

The district court properly granted partial judgment on the pleadings to Real Time on Pacific West's breach of contract claim on the ground that the purchase agreements at issue contain a warranty-waiver provision. "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir.1989). Here, there are no material fact issues because Pacific West has waived any unconscionability arguments regarding the warranty-waiver provision by failing to raise the issue either in the complaint or in the briefing before the district court. *See BankAmerica Pension Plan v. McMath,* 206 F.3d 821, 826 (9th Cir.2000). Moreover, even assuming that the issue of unconscionability were properly before the court, the argument would fail in any event. The agreements are enforceable because both parties are sophisticated dealers of notes, and because Pacific West entered into the agreements freely and at arm's length without any particular time pressure or lack of available alternatives. *Cf. Navellier v. Sletten,* 262 F.3d 923, 939–40 (9th Cir.2001).

Nor did the district court erroneously "assume" unpleaded facts in construing the scope of the warranty-waiver provision. Under Texas law,[1] where, as here,

---

1. *See infra* Section III. (concluding that Texas law governs Pacific West's claims).

"[an] 'as is' clause is an important part of the basis of the bargain, not an incidental or 'boiler-plate' provision, and is entered into by parties of relatively equal bargaining position, a buyer's affirmation and agreement that he is not relying on representations by the seller should be given effect." *Cherry v. McCall,* 138 S.W.3d 35, 39–40 (Tex.App.2004). In that instance, the buyer "cannot, as a matter of law, prevail on [its] breach of contract claim." *Id.* at 40.

## II.

■ The district court properly granted partial judgment on the pleadings on the breach of contract claim rather than *sua sponte* granting Pacific West leave to amend. Motions for judgment on the pleadings under FED.R.CIV.P. 12(c) and motions to dismiss for failure to state a claim under FED.R.CIV.P. 12(b)(6) are "functionally identical," *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir.1989), and this court has held that in 12(b)(6) dismissals, leave to amend should be granted even if no request is made *unless* amendment would be futile. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,* 911 F.2d 242, 247 (9th Cir.1990) (emphasis added). Here, Pacific West's pleadings regarding its breach of contract claim could not possibly be cured by the allegation of other facts because, as discussed above, the valid "as-is" clause in the agreements bars such a claim as a matter of law. *See Cherry,* 138 S.W.3d at 40.

## III.

■ Pacific West concedes in its reply brief that Texas law governs the contracts in this action, and we agree. Under CAL. CIV.CODE § 1646, because the contracts at issue were both made in and intended to be performed in Texas, Texas law applies to Pacific West's claims. *See Frontier Oil Corp. v. RLI Ins. Co.,* 153 Cal.App.4th 1436, 1451, 1459, 63 Cal.Rptr.3d 816 (2007). Although the district court applied the wrong "government interest" choice-of-law test, that error was immaterial because the district court applied Texas law.

## IV.

■ The district court properly granted partial summary judgment to Real Time on Pacific West's remaining fraud and negligent misrepresentation claims based on the warranty-waiver provision. Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R.CIV.P. 56(c). Here, Real Time is entitled to judgment as a matter of law on Pacific West's fraud and negligent misrepresentation claims because: (1) under *Prudential Insurance Co. of America v. Jefferson Associates, Ltd.,* 896 S.W.2d 156, 161–62 (Tex.1995), the warranty-waiver provision constitutes an "as-is" clause that bars a buyer's post-contract claims absent a showing of fraudulent inducement or impairment of inspection; and (2) Pacific West's evidence in the form of James Cotton's and Wayne Enderle's declarations fails to establish any genuine issue of material fact in support of either exception.

AFFIRMED.