Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00814-CV

Evert **McDOUGAL** and M&P Construction, Inc.,
Appellants

v.

Roger D. **STEVENS**,
Appellee

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. 8936-03
Honorable Stephen B. Ables, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   January 30, 2009

AFFIRMED

Appellants Evert McDougal and M&P Construction Co., Inc., sued appellee Roger D.

Stevens after buying his construction business, Stevens Contracting. The trial court granted summary

judgment dismissing the claims against Stevens, and McDougal and M&P appealed. We affirm the

trial court's judgment.

BACKGROUND

In early1999, McDougal and M&P sought to buy Stevens Contracting from Stevens. On May 12, 1999, McDougal, acting individually and as president of M&P, signed a sales contract agreeing to buy Stevens Contracting including its real property, stock, and assets for $1,550,000.00. On the same day, McDougal also signed an "as is" agreement stating he and M&P expressly disclaimed reliance on any of Stevens's representations. The "as is" agreement states in relevant part:

> BUYER EXECUTES AND DELIVERS THIS CERTIFICATE TO SELLER TO CONFIRM AND ACKNOWLEDGE THAT BUYER HAS PURCHASED THE PROPERTY IN ITS "AS IS", "WHERE AS", CONDITION, WITH ALL FAULTS AND WITHOUT REPRESENTATIONS AND WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, EXCEPT ONLY THE TITLE WARRANTIES EXPRESSLY SET FORTH IN THE WARRANTY DEED, ASSIGNMENT AND BILL OF SALE AND AGREEMENT WITH AND TO BUYER. WITHOUT IN ANY WAY LIMITING THE GENERALITY OF THE FOREGOING, THE SALE OF THE PROPERTY IS WITHOUT AND SELLER AND SELLER'S AGENTS [] HAVE MADE NO, AND EXPRESSLY AND SPECIFICALLY DISCLAIM, AND BUYER ACCEPTS THAT SELLER AND SELLER'S RELATED PARTIES HAVE DISCLAIMED ANY AND ALL REPRESENTATIONS, GUARANTIES OR WARRANTIES, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW (EXCEPT AS HEREIN PROVIDED), OF OR RELATING TO THE PROPERTY...
> ....
>
> In consummating the purchase of the Property, Buyer is not relying on any representations or statements (oral or written) which may have been made or may be made by Seller or Seller's Related Parties, and is relying solely upon Buyer's or its representatives' own physical inspection of the Property.
> ....
>
> Buyer further acknowledges that this Certificate is a material inducement to Seller to consummate the purchase and sale of the Property.

The transaction closed on May 27, 1999. According to the closing documents, the "as is" agreement made on May 12, 1999, survived closing.

More than four years later, McDougal and M&P filed suit against Stevens, asserting claims for fraud, negligent misrepresentation, and violations of the Deceptive Trade Practices Act (DTPA). In their petition, McDougal and M&P alleged Stevens made false representations about Stevens Contracting during the negotiations. Specifically, McDougal and M&P alleged the real property comprised fewer acres than represented by Stevens and the soil and equipment were of lesser quality than represented by Stevens. McDougal and M&P later amended their petition to further allege Stevens misrepresented the business's financial condition by not disclosing personal loans he had made to Stevens Contracting.

After an adequate time for discovery had passed, Stevens moved for no-evidence and traditional summary judgment on all claims. One of the traditional summary judgment grounds asserted by Stevens was that all claims were barred by the "as is" agreement. McDougal and M&P filed a response to the summary judgment motion, but their response did not address the "as is" agreement. The trial court granted the motion for summary judgment without specifying the basis for its ruling.

## SUMMARY JUDGMENT REQUIREMENTS

To obtain a traditional summary judgment, the movant must establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985). For a defendant to be entitled to summary judgment he must disprove, as a matter of law, one of the essential elements of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Summary judgments

must stand or fall on their own merits, and the non-movant's failure to answer cannot supply by default the proof necessary to establish the movant's right. *McConnell v. Southside Independent School Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

Nevertheless, once the movant establishes his right to summary judgment, the burden then shifts to the non-movant. *Clear Creek*, 589 S.W.2d at 678. The non-movant must expressly present to the trial court by written answer or response any issues defeating the movant's entitlement to summary judgment. *McConnell*, 858 S.W.2d at 343; *Clear Creek*, 589 S.W.2d at 677 ("[B]oth the reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing.").

"Issues not expressly presented to the trial court by written motion, answer, or other response" to the motion for summary judgment cannot "be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c). A party cannot raise new reasons why a summary judgment should be denied for the first time on appeal. *Clear Creek*, 589 S.W.2d at 678. When, as here, the order granting summary judgment does not specify the ground upon which the trial court relied, the appellate court must affirm the judgment if any of the theories raised in the motion for summary judgment are meritorious. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

### ARGUMENTS PRESENTED

On appeal, McDougal and M&P argue the trial court erred in granting summary judgment because "fact issues are apparent which must be decided by finders of fact." In response, Stevens argues the summary judgment should be affirmed because he established the claims brought by

-4-

McDougal and M&P were barred by the parties' "as is" agreement. Stevens correctly points out that McDougal and M&P do not challenge the scope, authenticity, or effect of the "as is" agreement on appeal.

## "As Is" Agreement

Proof of causation is essential for recovery on all of McDougal's and M&P's causes of action. *See Prudential Ins. Co. of Am. v. Jefferson Assoc., Ltd.*, 896 S.W.2d 156, 160-61 (Tex. 1997) (noting proof of causation is necessary to prove claims for violations of the DTPA, fraud, and negligence). However, a valid and enforceable "as is" agreement precludes buyers like McDougal and M&P from proving the seller's actions caused them any harm. *See id* at 160. This is because by agreeing to purchase something "as is," buyers agree to make their own appraisal of the bargain and to accept the risk that they may be wrong. *Id*. As the Texas Supreme Court stated:

> The sole cause of a buyer's injury [when he agrees to purchase something "as is"], by his own admission, is the buyer himself. He has agreed to take the full risk of determining the value of the purchase. He is not obliged to do so; he could insist instead that the seller assume part or all of that risk by obtaining warranties to the desired effect. If the seller is willing to give such assurances, however, he will ordinarily insist upon additional compensation. Rather than pay more, a buyer may choose to rely entirely upon his own determination of the condition and value of his purchase. In making this choice, he removes the possibility that the seller's conduct will cause him damage.

*Id*.

When presented with an "as is" agreement, courts must examine the agreement itself and the totality of the surrounding circumstances to determine if the agreement is binding and enforceable. *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 60 (Tex. 2008). Facts most relevant to this determination are: (1) the terms of the contract were negotiated, rather than boilerplate, and during

negotiations the parties specifically discussed the issue which has become the topic of the subsequent dispute; (2) the complaining party was represented by counsel; (3) the parties dealt with each other in an arm's length transaction; (4) the parties were knowledgeable in business matters; and (5) the release language was clear. *Id*.

### FRAUDULENT INDUCEMENT

An otherwise valid "as is" agreement will not negate the causation element of a claim if the buyer can prove he was fraudulently induced to enter the agreement because of a fraudulent representation or concealment of information by the seller. *Prudential*, 896 S.W.2d at 162. In the context of a summary judgment proceeding, such fraudulent inducement is in the nature of a counter-defense. *Lim v. Baker*, No. 04-06-00703-CV, 2007 WL 4180153, at *2 (Tex. App.—San Antonio, Nov. 28, 2007, no pet.); *Larsen v. Carlene Langford & Assoc., Inc.*, 41 S.W.3d 245, 253 (Tex. App.—Waco 2001, pet. denied); *see Cherry v. McCall*, 138 S.W.3d 35, 39 (Tex. App.—San Antonio 2004, pet. denied). To successfully raise the counter-defense of fraudulent inducement, the non-movant must expressly present this reason for avoiding summary judgment in his response. *See Clear Creek*, 589 S.W.2d at 678. The non-movant must also present some summary judgment evidence that "but for" the representations of the seller regarding the condition of the subject of the contract, he would not have assented to a contract which contained an "as is" provision. *Larsen*, 41 S.W.3d at 253. This is established by presenting evidence to raise a fact issue on each element of a simple fraud claim. *Lim*, 2007 WL 4180153, at *2; *id*.

### DISCUSSION

In this case, the nature of the transaction and the totality of the circumstances surrounding the agreement shows the parties' "as is" agreement is binding and enforceable. *See Forest Oil*, 268 S.W.3d at 60. The uncontroverted summary judgment proof presented by Stevens shows that the terms of the sales contract and the "as is" agreement were negotiated rather than boilerplate, and during negotiations the parties specifically discussed some of the issues which became the topic of their subsequent dispute, such as the condition of the soil and the equipment. Even though McDougal and M&P were not represented by counsel in the negotiations, it was undisputed that McDougal was knowledgeable in business matters and the parties dealt with each other in an arm's length transaction. Additionally, the language in the "as is" agreement is clear and unequivocal.

Because the "as is" agreement entered into by the parties is binding and enforceable and negates the causation necessary to establish McDougal's and M&P's claims, Stevens met his initial burden of establishing he was entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 548. As a result, the burden shifted to McDougal and M&P to expressly present to the trial court any reasons to avoid judgment as a matter of law and present summary judgment proof to establish a fact issue. *See Clear Creek*, 589 S.W.2d at 678-79. McDougal and M&P failed to meet this burden.

Although McDougal and M&P arguably raise the issue of fraudulent inducement in their appellate brief, they did not raise this issue in their response to the summary judgment motion filed below. In fact, McDougal and M&P never mention the "as is" agreement or fraudulent inducement in their response. "The written answer or response to the motion [for summary judgment] must fairly

apprise the movant and the court of the issues the non-movant contends should defeat the motion." *Clear Creek*, 589 S.W.2d at 678. Here, the response to the summary judgment motion did not apprise the trial court that McDougal and M&P were raising the issue of fraudulent inducement as a counter-defense to the "as is" agreement. Because the fraudulent inducement counter-defense was not raised in the response presented to the trial court, this court may not consider fraudulent inducement as a basis for reversal on appeal. *See* TEX. R. CIV. P. 166a(c); *Clear Creek*, 589 S.W.2d at 678 (holding non-movant was not entitled to defeat summary judgment by raising a fact issue for the first time on appeal which was not expressly presented to the trial court).

## CONCLUSION

Because McDougal's and M&P's claims were barred by the parties' "as is" agreement, the trial court properly granted summary judgment in favor of Stevens. The trial court's judgment is affirmed.

Karen Angelini, Justice