**Dr. Terry J. THOMPSON, Appellant,**

v.

**Margaret A. THOMPSON, Appellee.**

No. 01–94–00507–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 16, 1995.

Tom Alexander/Linda Marshall, Houston, for appellant.

Before COHEN, MIRABAL and TAFT, JJ.

### OPINION

TAFT, Justice.

This is an appeal by writ of error from a default judgment entered against the appel-

lant, Dr. Terry J. Thompson, and in favor of the appellee, Margaret A. Thompson. We reverse for lack of subject matter jurisdiction.

On May 21, 1993, Margaret Thompson (Margaret) filed a petition to modify a foreign decree and motion to register a foreign decree. Margaret sought to modify the amount of child support payments due her from Dr. Terry Thompson (Terry). The Thompsons were divorced on December 15, 1980 in Steuben County, Indiana and had four children during their marriage. Their son, Mitchell, is the only child who is the subject of this suit. Margaret and Mitchell reside in Texas, and Terry resides in Indiana.

When Margaret filed this suit, a modification action filed by Terry was already pending in an Indiana state court. Terry did not participate in the Texas action and a default judgment was entered against him on November 8, 1993. Terry subsequently filed a motion to set aside default judgment and motion for new trial, which were denied.

In his third point of error, Terry complains that the trial court erred in rendering a default judgment because the court did not have subject matter jurisdiction. We agree.

Terry correctly points out that a Texas court may not modify the child support order of a court from another state if that state has adopted laws substantially similar to Chapter 21 of the Texas Family Code. TEX.FAM.CODE ANN. § 21.08(d) (Vernon Supp. 1995). Texas has adopted the Uniform Interstate Family Support Act. TEX.FAM.CODE ANN. § 21.51 (Vernon Supp.1995). Indiana has adopted the Uniform Reciprocal Enforcement of Support Act. IND.CODE ANN. § 31-2-1-39 (West 1979). These two acts are "substantially similar". *See* UNIF. INTERSTATE FAMILY SUPPORT ACT, Prefatory Note— "Reciprocity not Required," 9 U.L.A. 123 (West Supp.1995).

Under Texas law, the Indiana court has "continuing, exclusive jurisdiction" over the subject matter of this suit. TEX.FAM. CODE ANN. § 21.08(d) (Vernon Supp.1994). Although the Texas court had authority to register and enforce the Indiana order, it did not have authority to modify that order. *Id.* at § 21.37(c).

Where the Indiana court had continuing, exclusive jurisdiction over the subject matter of this suit, the Texas court was without jurisdiction to enter a default judgment.

We sustain the third point of error making it unnecessary to address the appellant's remaining points.

The default judgment is reversed, and the cause dismissed.