**James D. DRYDEN, Appellant,**

v.

**Adela DRYDEN, Larry Olivarez, Sheriff of Nueces County, Texas, and the Attorney General of Texas, Appellees.**

**No. 13–01–745–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Jan. 30, 2003.

---

John S. Warren, Warren, Drugan & Barrows, Corpus Christi, for Appellant.

Bradford M. Condit, Deborah Rudder, Assistant County Attorney, Corpus Christi, James "Beau" Eccles, Office of the Attorney General, Austin, for Appellees.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and DORSEY.[1]

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant, James Dryden, brings this appeal from a take nothing judgment on his suit for an injunction and a declaratory judgment. By one issue, appellant asks this Court to determine whether section 42.005 of the Texas Property Code violates the Texas Constitution. We conclude that it does not, and affirm the judgment of the trial court.

### I. BACKGROUND

In February 2001, Adela Dryden (Adela), appellant's former wife, was granted a money judgment against appellant for child support arrearage. Adela sought to enforce the money judgment by obtaining writs of garnishment and execution on appellant's personal property. *See* TEX. FAM.

---

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

CODE. ANN. § 157.312 (Vernon 1996). The collection procedures, however, were stayed by the trial court. Adela filed a petition for writ of mandamus in this Court, which we conditionally granted. The trial court then withdrew its prior order prohibiting enforcement of the arrearage money judgment.

On June 28, 2001, appellant's personal property was seized from his home by the Nueces County Sheriff. The sheriff also seized other personal property of appellant's at the residence of Margaret Dryden, appellant's wife at the time. Personal property seized at both locations included, among other things, a vehicle, jewelry, athletic equipment, sporting goods, and furniture.

Appellant filed a petition for a temporary injunction to enjoin the sale of his personal property and requested a judgment declaring section 42.005 of the property code unconstitutional. The trial court granted the temporary injunction pending a hearing on the merits. Following the hearing, the trial court dissolved the temporary injunction, and denied appellant's requests to declare section 42.005 unconstitutional and to enjoin the sale of his personal property.[2] This Court denied appellant's request for injunctive relief pending appeal, and appellant's levied personal property was sold by the sheriff. This appeal ensued.

## II. STANDARD

■■■ In passing upon the constitutionality of a statute, we begin with a presumption of validity. *Robinson v. Hill,* 507 S.W.2d 521, 524 (Tex.1974). It is presumed that the legislature has not acted unreasonably or arbitrarily, and the party challenging the statute bears the burden of showing that the statute is unconstitution-

al. *Id.; see Edgewood Indep. Sch. Dist. v. Meno,* 917 S.W.2d 717, 725 (Tex.1995). A statute is not facially invalid unless it could not be constitutional under any circumstances. *See Appraisal Review Bd. of Galveston County v. Tex–Air Helicopters, Inc.,* 970 S.W.2d 530, 534 (Tex.1998).

## III. ANALYSIS

■■■ By his sole issue, appellant contends section 42.005 of the Texas Property Code violates article XVI, section 49 of the Texas Constitution. Specifically, appellant contends section 42.005 is unconstitutional because it excepts individuals who owe child support from the protections afforded to debtors in other sections of the property code. *See* TEX. PROP.CODE ANN. § 42.005 (Vernon 2000).

Article XVI, section 49 of the Texas Constitution provides that "[t]he Legislature shall have power, and it shall be its duty, to protect by law from forced sale a certain portion of the personal property of all heads of families, and also of unmarried adults, male and female." TEX. CONST. art. XVI, § 49. This provision gives the legislature the power to create laws that exempt some personal property from debt collection through seizure or attachment. *See* TEX. CONST. art. XVI, § 49 interp. commentary (Vernon 1993). The interpretive commentary states article XVI, section 49 of the constitution was created:

> For the purpose of protecting debtors from destitution, or their families from deprivation of support, or the public from the danger of their becoming charges, the constitution provides that the legislature shall have the duty of enacting statutes which stipulate that certain personal property of debtors shall not be liable to seizure and sale

2. The Attorney General of Texas intervened to defend the constitutionality of the statute.

*See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(b) (Vernon 1997).

under legal process *for the payment of their debts*. The freedom so conferred is termed an exemption.... Exemption laws are founded on public policy. The purpose underlying legislation is securing to the unfortunate debtor the means to support himself and his family, the protection of the family being the main consideration.

*Id.* (emphasis added).[3]

As a result, the legislature created sections 42.001 and 42.002 of the property code to protect debtors from unsecured creditors. *See* Tex. Prop.Code Ann. §§ 42.001, 42.002 (Vernon 2000). These sections exempt certain property from garnishment, attachment, execution, or other seizure.[4] The legislature, however, later excluded individuals owing child support from the protection provided in sections 42.001 and 42.002 by enacting section 42.005 which states that "[s]ections 42.001[and] 42.002 ... of this code do not apply to a child support lien...." *Id.* § 42.005.

Furthermore, it has long been held that the obligation to support one's child is not a debt, but a natural and legal duty. *Ex Parte Hall,* 854 S.W.2d 656, 658 (Tex. 1993); *In re Gonzalez,* 993 S.W.2d 147, 158 (Tex.App.-San Antonio 1999, pet. denied); *Ex Parte Wilbanks,* 722 S.W.2d 221, 224

(Tex.App.-Amarillo 1986, no pet.). Moreover, the child support obligation does not become a debt merely because arrearages have been reduced to a judgment that is enforceable in the same way as a judgment for a debt. *See Smith v. Bramhall,* 563 S.W.2d 238, 239 (Tex.1978); *In re Gonzalez,* 993 S.W.2d at 158; *Ex Parte Wilbanks,* 722 S.W.2d at 224. Thus, because appellant's obligation for child support is not a debt, we conclude section 42.005 of the property code does not violate section XVI, article 49 of the Texas Constitution. *See* Tex. Const. art. XVI, § 49 interp. commentary (Vernon 1993). Appellant has failed to overcome the presumption of the validity of section 42.005. *See Robinson,* 507 S.W.2d at 524. Appellant's sole point of error is overruled.

Accordingly, we affirm the judgment of the trial court.

Retired Justice DORSEY not participating.

---

**3.** In an analysis of article XVI, section 49 of the Texas Constitution, professor David Anderson described the history of the section as follows:

> The origins of this section lie in the Spanish civil law, which prevented creditors from seizing personal property such as clothing, tools, and furniture. The idea found its way into the law of Texas in 1839 when the Congress of the Republic passed a statute giving each citizen or head of family an exemption from creditors.... The 1875 Convention probably had this statute in mind when it adopted the present constitutional language directing the legislature to "protect by law from forced sale a certain

portion of the personal property of all heads of families, and also of unmarried adults, male and female."

George D. Braden & David A. Anderson et al., The Constitution of the State of Texas: An Annotated and Comparative Analysis 786 (George D. Braden ed., 1977) (quoting Tex. Const. art. XVI, § 49).

**4.** Section 42.001 protects debtors from seizure or attachment of personal property that has a value of less than $60,000 for a family, or $30,000 for a single adult. *See* Tex. Prop. Code Ann. § 42.001(a) (Vernon 2000). Section 42.002 details the particular items of personal property exempted under section 42.001(a). *See id.* § 42.002 (Vernon 2000).