James Bruce **ARMENTOR**, Appellant,

v.

Tracy Lea **KERN** and the Office of the Attorney General of Texas, Appellees.

No. 01–04–00579–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 30, 2005.

Myrna J. Dunnam, Baytown, TX, for Appellant.

John B. Worley, Child Support Division, Rhonda Amkraut Pressley, Asst. Atty. Gen., Greg Abbott, Office of the Attorney General, Austin, TX, Shawn Casey, Shawn Casey & Associates, Houston, TX, for Appellees.

Panel consists of Justices NUCHIA, KEYES, and BLAND.

## OPINION

JANE BLAND, Justice.

James Armentor appeals the trial court's order granting Tracy Kern and the Attorney General of Texas's motion for enforcement of a child support order. Armentor contends the trial court erred in ordering him to pay $21,793 for child support arrearages because the underlying child support order is void due to the trial court's lack of personal jurisdiction over him. We affirm.

## The Background

In May 2000, Kern sued Armentor to establish that Armentor is the father of her daughter, M.N.G., born in 1993 in Lake Charles, Louisiana. Kern, a Texas resident, served Armentor with a nonresident citation in his home state of Louisiana in June 2000. Armentor did not answer or appear for trial. In November 2000, the trial court signed a default final order establishing parentage and awarding child support.

The November order recites that the court had jurisdiction over the parties and that Armentor is M.N.G.'s father. The order requires Armentor to pay $525 per month for child support until June 1, 2001,

and $600 per month thereafter. The order further renders a retroactive support judgment against Armentor in the amount of $33,225, to be liquidated in monthly payments of $150.

Armentor did not move for a new trial, appeal, or file a bill of review to contest the final order. Armentor also did not pay child support as directed by the trial court, although he did pay smaller sums to Kern over time. In 2002, the attorney general moved to enforce the child support order. Armentor answered with a general denial and asserted that "there is no enforceable order on which to find a child support arrearage." He later moved to strike the Attorney General and Kern's motion for enforcement on the ground that the trial court lacked personal jurisdiction over him, as a nonresident party, at the time it signed the November 2000 final order.

In February 2002, the trial court heard argument on Armentor's motion to strike. The trial court denied the motion. Further, after hearing evidence, the trial court granted the motion to enforce the child support order, and signed an order confirming $21,793 in child support arrearages. Armentor moved for a new trial, which the trial court denied. This appeal followed.

## Discussion

Armentor contends the trial court erred in entering an order confirming a child support arrearage because the underlying court order establishing parentage and awarding child support is void due to the trial court's lack of personal jurisdiction over him. The Attorney General responds that (1) the underlying order expressly states that the trial court had personal jurisdiction over Armentor, thus he cannot now collaterally attack the order; and (2) the evidence demonstrates Armentor maintained continuous, systematic, and substantial contacts with Texas, related to the subject matter of the suit, thereby subjecting Armentor to personal jurisdiction in Texas. In her briefing to this court, Kern adopts the Attorney General's briefing, and further requests that we strike the reporter's record of the original default final order hearing, because it was not before the trial court at the motion to enforce hearing.

*Standing to Raise a Jurisdictional Challenge*

A collateral attack, unlike a direct attack, does not attempt to secure the rendition of a single, correct judgment in the place of a former judgment. *Solomon, Lambert, Roth & Assoc's, Inc., v. Kidd*, 904 S.W.2d 896, 900 (Tex.App.-Houston [1st. Dist.] 1995, no writ) (citing *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex.1973) and *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985)). Instead, it is "an attempt to avoid the effect of a judgment in a proceeding brought for some other purpose." *Id.* (citing *Employers Cas. Co. v. Block*, 744 S.W.2d 940, 943 (Tex.1988)).

A party may collaterally attack a judgment of a court of general jurisdiction in another court of equal jurisdiction if the underlying judgment is void. *Solomon*, 904 S.W.2d at 900 (citing *Browning*, 698 S.W.2d at 363). A trial court's judgment is void only if the court had no jurisdiction over the parties or the property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *Id.* (citing *Browning*, 698 S.W.2d at 363). All errors other than jurisdictional deficiencies render the judgment voidable, and such errors must be corrected on direct attack. *Id.* (citing *Browning*, 698 S.W.2d at 363). The party collaterally attacking the judgment bears the burden of demonstrating that the judgment under attack is void.

*See Stewart v. USA Custom Paint & Body Shop, Inc.,* 870 S.W.2d 18, 20 (Tex.1994).

Here, Armentor contends the underlying default final order against him is void because the trial court never acquired personal jurisdiction over him. If the trial court lacked personal jurisdiction over Armentor, then the default final order is void, and it is permissible for Armentor to challenge that default order by a collateral attack. *See Solomon,* 904 S.W.2d at 900–01. We therefore conclude Armentor has standing to collaterally challenge the underlying default order for lack of personal jurisdiction.

*Jurisdictional Recitals in the Default Final Order*

Armentor contends that he did not engage in activities within Texas sufficient to subject him to suit in Texas state district court. Kern and the Attorney General respond that (1) Armentor's attack cannot prevail because the jurisdictional recitals in the final order under attack must be given absolute verity; and (2) even if Armentor could collaterally attack the final order, the evidence sufficiently proves that the Texas court had personal jurisdiction over Armentor at the time it rendered its default final order.

■ "It is the well settled law of this state that where a judgment is collaterally attacked, plain jurisdiction recitals contained therein must be accorded absolute verity." *Pure Oil Co. v. Reece,* 124 Tex. 476, 78 S.W.2d 932, 934 (1935); *see also Akers v. Simpson,* 445 S.W.2d 957, 959 (Tex.1969) ("It is the firmly established rule in Texas that a defendant who is not served and who does not appear may not, as a matter of public policy, attack the verity of a judgment in a collateral proceeding; the jurisdictional recitals import absolute verity."). This court and the Dallas Court of Appeals more recently have followed this rule. *See Solomon,* 904 S.W.2d at 900; *Huffstutlar v. Koons,* 789 S.W.2d 707, 710 (Tex.App.-Dallas 1990, no writ). The November 2000 default final order in this case contains such recitals, and thus the trial court properly deferred to their verity.

■ Even if, in an appropriate case, the veracity of personal jurisdiction recitals could be questioned in a collateral attack on the judgment, this is not such a case. Armentor failed to introduce evidence contradicting these recitals at the motion to enforce hearing. Armentor instead contended that the pleadings that sought relief did not establish the trial court's exercise of personal jurisdiction. Armentor did not offer the testimony from the earlier default hearing. Armentor testified at the motion to enforce hearing, but not about his contacts in Texas during the time preceding the trial court's default final order. Rather, he testified about his ability to pay the order and his *current* infrequent contacts with the child. Such testimony does not contradict the veracity of the recitals in the default final order. Thus, even assuming that personal jurisdictional recitals can be collaterally attacked, Armentor has failed to meet his burden to demonstrate that the default final order is void. *See Stewart,* 870 S.W.2d at 20.[1]

---

1. Kern moves to strike the record of the October 2000 default hearing because it was not introduced into evidence at the motion to enforce hearing—and, indeed, was not even transcribed until after the motion to enforce proceedings had concluded. The record supports Kern's contention. Though the trial court took judicial notice of the "entire court file," the clerk's file does not contain a copy of the default final order hearing, which took place three years and three months earlier. We thus grant Kern's motion. We note, however, that the record of that hearing includes Kern's testimony that Armentor had been to

## Conclusion

We hold that the trial court did not err in finding that Armentor failed to overcome the validity of the underlying default final order. We therefore affirm the order of the trial court confirming a child support arrearage.

Texas on frequent occasions to transport M.N.G. to and from Louisiana.