Opinion issued August 21, 2008














In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-07-00226-CV
  __________
 
CRAIG P. LONGHURST, Appellant
 
V.
 
LINDA K. CLARK, Appellee
 

 
 
On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 1992-03711
 

 
 
MEMORANDUM OPINION 
          In 2006, Linda K. Clark filed an amended motion requesting that the trial court
render judgment against her former husband, Craig P. Longhurst, for previously
confirmed and unconfirmed child support arrearages, plus interest, owed under the
trial court’s 1992 order. The trial court granted Linda’s motion and rendered a
cumulative judgment against Craig. On appeal, Craig challenges the trial court’s
judgment in seven issues. We modify that part of the trial court’s judgment granting
a cumulative judgment in Linda’s favor and affirm the judgment as modified.Background
          In 1988, Linda and Craig were divorced in Colorado. The Colorado court
entered a child support order and granted Linda custody of the couple’s five minor
children. Following the divorce, Linda and the children moved to Utah and Craig
moved to Texas. In 1992, at the request of the State of Utah, the Attorney General of
Texas brought a notice of registration and motion to enforce the Colorado child
support order in Texas. The 257th District Court of Harris County entered a default
order against Craig.


 In that order, the court rendered a judgment confirming that
Craig owed $121,902.00 in arrearages.


 The court also modified Craig’s support
obligations, ordering him to make monthly payments of $1,642.00 from May 1992
until all of the children were 18 years old, or later if any child over 18 was still
enrolled in a program leading toward a high school diploma.
          In 2004, Linda filed a motion against Craig and the State of Texas to revive and
enforce the 1992 judgment and to confirm all unpaid child support arrearages owed
by Craig. The Attorney General filed a motion asking that the State of Texas be
dismissed as a party. The court entered another default judgment against Craig and
dismissed all of Linda’s claims against the State of Texas. Craig filed a motion for
new trial, which the court granted. 
          In 2006, Craig filed his original answer. After Linda filed an amended motion
to revive and enforce the 1992 judgment and to confirm all unpaid child support
arrearages, Craig filed an untimely response, which was struck. During the bench
trial, Craig sought to introduce evidence of a 1993 child support order issued by the
State of Utah and evidence that he had made payments pursuant to that order. The
trial court excluded the evidence, and, following trial, rendered a cumulative judgment
against Craig for $464,796.00, inclusive of interest. The court made findings of fact
and conclusions of law upon Craig’s request. Craig filed a motion for new trial and
requested additional and amended findings of fact and conclusions of law. The trial
court denied Craig’s motion for new trial and request for additional and amended
findings. Craig now appeals. 
Standing
We begin with Craig’s sixth issue, in which he contends that the trial court erred
in granting Linda’s motion because she lacked standing to enforce the 1992 Texas
order.
Because standing is a component of subject-matter jurisdiction, we review a
trial court’s determination of standing de novo. Phillips v. Phillips, 244 S.W.3d 433,
435 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Standing may be raised for the
first time on appeal. Austin Nursing Center, Inc. v. Lovato, 171 S.W.3d 845, 849
(Tex. 2005). In analyzing issues of standing, we determine “whether a party has a
sufficient relationship with the lawsuit so as to have a ‘justiciable interest’ in its
outcome.” Id. at 848. In Texas, the standing doctrine requires that there be (1) “a real
controversy between the parties,” that (2) “will be actually determined by the judicial
declaration sought.” Id. at 849. We construe the petition in favor of the plaintiff and
review the entire record to determine whether any evidence supports standing. Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).
In order to enforce Craig’s support obligations across state lines, Linda utilized
the Revised Uniform Reciprocal Enforcement of Support Act (“RURESA”).


 It 
appears from the record that Linda assigned her rights to receive child support under
the Colorado order to the State of Utah, which in turn requested that the State of Texas
enforce the order against Craig. The Texas Attorney General then brought a motion
to register and enforce the Colorado order on Linda’s behalf. 
Craig asserts that, pursuant to statute, an application to the Attorney General to
provide child support services acts as an assignment of any rights to support the
applicant had.


 He also contends that the Attorney General has since terminated its
assignment of Linda’s child support. Craig argues that, without a reassignment from
the Attorney General of Texas to Linda, or from the Attorney General of Texas to the
State of Utah to Linda, Linda is not a judgment creditor with a right to enforce
payment and lacks standing to enforce the 1992 Texas order. We disagree.
In her original and amended motions for enforcement, Linda alleged that the
State of Texas brought the 1992 motion to confirm and enforce on her behalf, making
her the beneficiary of the judgment awarded to the Attorney General in the 1992 Texas
order. The Attorney General’s motion to register and enforce the Colorado order was
brought on Linda’s behalf and the 1992 Texas order indicates that Linda appeared
through the Attorney General.


 While Linda could have enforced Craig’s support
obligations in her own name, the record shows that she instead utilized RURESA and
had the Attorney General represent her. See In re B.I.V., 923 S.W.2d 573, 573 (Tex.
1996). Accordingly, we hold that there is evidence that Linda has standing to enforce
the 1992 judgment and child support order stemming from the 1992 Texas order. See
Tex. Ass’n of Bus., 852 S.W.2d at 446.
We overrule Craig’s sixth issue.Revival of Judgment Based on Past-Due Child SupportIn his fourth issue, Craig contends that the trial court erred in enforcing the
1992 judgment because it was dormant and Linda did not properly revive it. 
          If a writ of execution is not issued within 10 years after the rendition of a
judgment, the judgment is dormant and execution may not be issued on the judgment
unless it is revived. Tex. Civ. Prac. & Rem. Code Ann. § 34.001(a) (Vernon 2008). 
A dormant judgment may be revived by a writ of scire facias or by an action of debt
brought not later than the second anniversary of the date that the judgment becomes
dormant. Id. § 31.006 (Vernon 2008). Thus, the Civil Practice and Remedies Code
provides a 12-year “residual” limitations period for final judgments. Burnett-Dunham
v. Spurgin, 245 S.W.3d 14, 17 (Tex. App.—Dallas 2007, no pet.).
          The record does not show that a writ of execution was issued within 10 years
of the rendition of the 1992 judgment. Accordingly, the 1992 judgment was dormant
and required revival before it could be enforced. We must determine whether Linda
timely revived the judgment.
          It is undisputed that Linda’s petition was not a writ of scire facias. Linda
asserts, however, that her petition was an action of debt brought within the 12-year
period. Craig argues that, because child support is not “debt,” her suit did not
constitute an “action of debt.” We disagree with Craig. 
          A new suit based on an original judgment brought against the judgment debtor
is “action of debt.” In re Brints, 227 B.R. 94, 96 (Bankr. N.D. Tex. 1998). It is well
settled that a child support obligation is not considered a debt, but a legal duty. Ex
parte Hall, 854 S.W.2d 656, 658 (Tex. 1993). Likewise, the obligation does not
become a debt after arrearages are reduced to a judgment. Dryden v. Dryden, 97
S.W.3d 863, 866 (Tex. App.—Corpus Christi 2003, pet. denied). Nevertheless, the
Family Code provides that a money judgment for child support arrearages “may be
enforced by any means available for the enforcement of a judgment for debts.” Tex.
Fam. Code Ann. § 157.264(a) (Vernon Supp. 2008). Under the facts of this case, we
conclude that Linda’s suit was an action of debt,


 reviving the 1992 judgment. 
Because it was properly revived, we hold that the trial court did not err in enforcing
the 1992 judgment.
          We overrule Craig’s fourth issue.
Collateral Attack
          In his first issue, Craig attempts to collaterally attack the 1992 Texas order,
which he claims is void. He contends the order is void because (1) it was based on the
original 1988 Colorado order, which was never properly registered, (2) the trial court
lacked subject matter jurisdiction in 1992 to modify the Colorado order, and (3) the
trial court lacked personal jurisdiction over Craig.
          A collateral attack, unlike a direct attack, does not attempt to secure the
rendition of a single, correct judgment in the place of a former judgment. Armentor
v. Kern, 178 S.W.3d 147, 149 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Instead,
it is an attempt to avoid the effect of a judgment in a proceeding brought for some
other purpose. Id.
          A party may collaterally attack a judgment of a court of general jurisdiction in
another court of equal jurisdiction if the underlying judgment is void. Id. A trial
court’s judgment is void only if the court had no jurisdiction over the parties or the
property, no jurisdiction over the subject matter, no jurisdiction to enter the particular
judgment, or no capacity to act as a court. Id. All errors other than jurisdictional
deficiencies render the judgment voidable, and must be corrected on direct attack. Id. 
The party collaterally attacking the judgment bears the burden of demonstrating that
the judgment under attack is void. Id. (citing Stewart v. USA Custom Paint & Body
Shop, Inc., 870 S.W.2d 18, 20 (Tex. 1994)). 
Registration of Foreign Support Order
          Craig first contends that the 1992 Texas order is void because it is based on the
1988 Colorado order, which he argues was never properly registered in Texas. Under
the applicable version of RURESA, an obligee seeking to register a foreign support
order in Texas shall transmit three certified copies of the foreign support order to the
prosecuting attorney, who shall transmit them to the clerk of the court; once the clerk
files the foreign support order in the court’s registry of foreign support orders, the
order is registered and enforceable in Texas.


 
          In its order, the Texas trial court found that a June 24, 1988 Colorado support
order had been registered and confirmed. However, no such order appears in the
Attorney General’s motion to register and enforce, even though the motion expressly
indicates that a June 24, 1988 Colorado support order is attached. Craig argues that,
because the procedural requirements for registration are mandatory, the Colorado
order’s absence prevented the trial court from having subject matter jurisdiction to
enter any judgment based on the order.


 We disagree.
          “Jurisdiction” refers to a court’s authority to adjudicate a case. Reiss v. Reiss,
118 S.W.3d 439, 443 (Tex. 2003). RURESA does not indicate that a foreign support
order must be properly registered before a court has jurisdiction to act on the order,
but instead states, “Jurisdiction of any proceeding under this chapter is vested in the
district court and any other court authorized to order support for children.”


 
Registration of a foreign support order is simply a statutory prerequisite to
enforcement of the order in Texas. “[A] court’s action contrary to a statute . . . means
the action is erroneous or ‘voidable,’” not void. Mapco, Inc. v. Forrest, 795 S.W.2d
700, 703 (Tex. 1990). 
          Here, the trial court had jurisdiction of any proceeding under RURESA;
assuming that the court erred by relying on an unregistered order, such error could
only be challenged by direct attack. See Reiss, 118 S.W.3d at 443.



Modification of Foreign Support Order
          Craig next argues that the 1992 Texas order is void because the Texas court
lacked subject matter jurisdiction to modify and clarify Craig’s continuing child
support obligation described in the Colorado order.
          Craig relies on Thompson v. Thompson, in which we held that a Texas court
lacked subject matter jurisdiction to modify a foreign support order. 893 S.W.2d 301,
302 (Tex. App.—Houston [1st Dist.] 1995, no writ). According to Craig, only
Colorado and Utah, as the residence of the children, had authority to modify the
support order.
          In Thompson, the trial court’s modification of a foreign support order occurred
after Texas had replaced RURESA with the Uniform Interstate Family Support Act
(“UIFSA”), which specifically prohibits modification of a registered foreign support
order where the issuing state maintains continuing, exclusive jurisdiction of the order. 
Id.; see also Tex. Fam. Code Ann. § 159.603(c) (Vernon 2002). However, RURESA
was in effect at the time of the 1992 proceeding, and did not expressly prohibit
modification of a foreign order. See Act of July 19, 1987, 70th Leg., 2d C.S., ch. 49,
§ 1, 1987 Tex. Gen. Laws 145, 152, amended by Act of May 26, 1993, 73rd Leg., R.S.,
ch. 970, § 1, 1993 Tex. Gen. Laws 4212–31, repealed by Act of April 6, 1995, 74th
Leg., R.S., ch. 20, 1995 Tex. Gen. Laws 113, 282. Therefore, Craig has not met his
burden of proving that the trial court lacked jurisdiction to modify the order. Without
proving that the trial court’s modification is void, Craig has also not proven that the
trial court’s clarification of the order is void, because any clarification could have been
allowed as a modification. See In re V.M.P., 185 S.W.3d 531, 534–35 (Tex.
App.—Texarkana 2006, no pet.) (upholding trial court’s “clarification” order because
the clarification would have been allowed as a modification).
          Craig also asserts that the 1992 Texas order is void because the Attorney
General’s pleadings did not request modification of the Colorado order. A default
judgment must be supported by the pleadings. Stoner v. Thompson, 578 S.W.2d 679,
682 (Tex. 1979). A party may not be granted relief in the absence of pleadings to
support that relief. Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983). 
However, a judgment not supported by the pleadings is erroneous, not void. See id. 
Therefore, the court’s modification of the support order without a pleading requesting
such relief was merely erroneous and is not subject to collateral attack. See Berry v.
Berry, 786 S.W.2d 672, 673 (Tex. 1990). 
Personal Jurisdiction 
          Finally, Craig asserts that the 1992 Texas order is void because he was not
served with the underlying motion, depriving the trial court of personal jurisdiction
over him. However, “[i]t is the firmly established rule in Texas that a defendant who
is not served and who does not appear may not, as a matter of public policy, attack the
verity of a judgment in a collateral proceeding; the jurisdictional recitals import
absolute verity.” Akers v. Simpson, 445 S.W.2d 957, 959 (Tex. 1969); see also
Armentor, 178 S.W.3d at 150. Here, the trial court expressed in the 1992 Texas order
that it has jurisdiction of the parties. Craig may not collaterally attack the verity of the
court’s default judgment. 
          We overrule Craig’s first issue. 
Untimely Response
          In his fifth issue, Craig claims that the trial court erred in excluding his response
to Linda’s amended motion to revive and enforce the 1992 judgment and to confirm
all unpaid child support arrearages. 
          We review a trial court’s ruling striking a pleading for an abuse of discretion. 
See Cherry v. McCall, 138 S.W.3d 35, 43 (Tex. App.—San Antonio 2004, pet.
denied). A party’s response to another party’s pleadings “offered for filing within
seven days of the date of trial or thereafter . . . shall be filed only after leave of the
judge is obtained, which leave shall be granted by the judge unless there is a showing
that such filing will operate as a surprise to the opposite party.” Tex. R. Civ. P. 63. 
          Craig’s response was filed within seven days of the date of trial, and Linda
objected to going to trial on Craig’s untimely filed response. Because Craig did not
seek leave of court to file his response, the trial court did not err in sustaining Linda’s
objection to his response. Id.; see also Forest Lane Porsche Audi Assocs. v. G & K
Servs., Inc., 717 S.W.2d 470, 472–73 (Tex. App.—Fort Worth 1986, no writ) (“The
court did not err in striking appellant’s second amended original answer because the
amendment was filed without seeking leave of court”).
          We overrule Craig’s fifth issue. 
Exclusion of EvidenceIn his second issue, Craig argues that the trial court erred in excluding evidence
of a 1993 Utah child support order and payments that he made pursuant to that order. 
          We review a trial court’s admission or exclusion of evidence under an abuse-of-discretion standard. E.I. du Pont de Nemours & Co., Inc. v. Robinson, 923 S.W.2d
549, 558 (Tex. 1995). The test for abuse of discretion is whether the trial court acted
without reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985).
          Craig argues that UIFSA


 required the trial court to credit his payments made
pursuant to the Utah order: “A tribunal of this state shall credit amounts collected for
a particular period under a support order against the amounts owed for the same period
under any other child support order for support of the same child issued by a tribunal
of this or another state.” Tex. Fam. Code Ann. § 159.209 (Vernon Supp. 2008). 
          We point out that the trial court did not allow Craig to testify that he had made
payments pursuant to the terms of the Utah order because he did not file a pleading
claiming that payments were made. “Payment” is an affirmative defense that must be
pled in order to be raised at trial. See Tex. R. Civ. P. 94 & 95. Because Craig did not
plead payment, we hold that the trial court did not abuse its discretion in excluding
evidence of these payments.


 
          We overrule Craig’s second issue.
Spousal Support Arrearages
          In his third issue, Craig argues that the trial court erred in including the entire
amount of the 1992 judgment in its cumulative child support arrearage judgment
because the 1992 judgment included an amount for unpaid spousal support and
interest. Furthermore, Craig challenges as contrary to the evidence the trial court’s
finding of fact stating that the “the balance owed by [Craig] on the previously
confirmed child support arrearages of $121,902.00 plus interest, is $298,835.00,
inclusive of unpaid confirmed support and accrued interest,” and finding of fact and
conclusion of law in which the court found and concluded that the cumulative amount
of unpaid accrued child support, including interest, owed by Craig is $464,796.00.
          We review a trial court’s confirmation of the arrearages amount under an abuse
of discretion standard. See Attorney General of Texas v. Stevens, 84 S.W.3d 720, 722
(Tex. App.—Houston [1st Dist.] 2002, no pet.). The court’s judgment will not be
disturbed on appeal unless the complaining party can show a clear abuse of discretion. 
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). The test for
abuse of discretion is whether the trial court acted without reference to any guiding
rules or principles; in other words, whether the act was arbitrary or unreasonable. Id. 
In determining whether an abuse of discretion has occurred, we view the evidence in
a light most favorable to the court’s decision and indulge every legal presumption in
favor of its judgment. Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.—Houston
[1st Dist.] 1993, writ denied). A trial court’s failure to analyze or apply the law
correctly constitutes an abuse of discretion. Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992) (orig. proceeding). 
          The 1992 judgment expressly ordered Craig to pay $121,902.00 at an interest
rate of 10 percent per annum as “child support.” However, Craig directs us to a
portion of the 1992 Texas order stating: “The Court finds that the judgment herein
contains the following itemized amounts of unpaid support: The Court finds that
Obligor owes [$]73,014.00 in unpaid child support and [$]48,888.00 in unpaid spousal
support.” These amounts add up to $121,902.
          Craig argues that the 1992 judgment is tainted by the inclusion of spousal
support arrearages and interest, chiefly because spousal support, unlike child support,
is treated as debt and therefore accrues interest at a different rate than child support. 
Craig cites Family Code section 157.265,


 dealing with child support, and Finance
Code section 304.003,


 dealing with general money judgments. Section 157.265,
however, only governs the postjudgment interest rate on child support arrearages
reduced to judgment on or after January 1, 2002. Tex. Fam. Code Ann. § 157.265(f). 
Craig provides no support to establish what the postjudgment interest rate on child
support arrearages may have been at the time the 1992 judgment was granted. He has
not shown that the child support and spousal support arrearages accrued interest at
different rates at the time of the 1992 judgment, and therefore, he has not shown that
both types of support arrearages should not have been grouped together in the trial
court’s 2006 cumulative judgment or findings of fact and conclusions of law as “child
support.” Accordingly, we hold that the trial court did not abuse its discretion in
including the entire amount of the 1992 judgment in its cumulative judgment. 
          We overrule Craig’s third issue.
Cumulative Judgment
          In his seventh and final issue, Craig argues that the trial court erred in
calculating the amount of its cumulative judgment. As part of his challenge, Craig
asserts that there is no evidence to support several of the court’s findings of fact and
conclusions of law. 
          As in Craig’s third issue, we review a trial court’s confirmation of the arrearages
amount under an abuse of discretion standard. Stevens, 84 S.W.3d at 722. Under the
abuse of discretion standard, legal and factual sufficiency of the evidence are not
independent grounds for asserting error, but they are relevant factors in assessing
whether the trial court abused its discretion. Pickens v. Pickens, 62 S.W.3d 212, 214
(Tex. App.—Dallas 2001, pet. denied); see also Lindsey v. Lindsey, 965 S.W.2d 589,
592–93 (Tex. App.—El Paso 1998, no pet.). We must defer to factual resolutions by
the trial court that are based on conflicting evidence, as well as any credibility
determinations that may have affected those factual resolutions, and we may not
substitute our judgment for that of the trial court in those matters. George v. Jeppeson,
238 S.W.3d 463, 474 (Tex. App.—Houston [1st Dist.] 2007, no pet.).
          In an appeal from a bench trial, a trial court’s findings of fact have the same
weight as a jury’s verdict. Brown v. Brown, 236 S.W.3d 343, 347 (Tex.
App.—Houston [1st Dist.] 2007, no pet.). Therefore, we apply the same standards
when reviewing the sufficiency of the evidence supporting the trial court’s fact
findings as we do when reviewing the evidence supporting a jury’s answer. Id. at 348. 
          In determining whether legally sufficient evidence supports the finding under
review, we must consider evidence favorable to the finding if a reasonable fact finder
could consider it, and disregard evidence contrary to the finding unless a reasonable
fact finder could not disregard it. See City of Keller v. Wilson, 168 S.W.3d 802, 827
(Tex. 2005). 
          We review a trial court’s conclusions of law de novo, and will uphold them on
appeal if the judgment can be sustained on any legal theory supported by the evidence. 
How Serv., Inc. v. Hallwood Realty Partners, L.P., 190 S.W.3d 108, 111 (Tex.
App.—Houston [1st Dist.] 2005, no pet.).
          The trial court signed its cumulative judgment on December 19, 2006, and made
its findings of fact and conclusions of law a few weeks later.


 The findings of fact
challenged by Craig provide:
          g.       Respondent has failed to pay the arrearage child support of $121,902.00
plus interest at the rate of 10% per annum as ordered in the judgment
signed on May 8, 1992.

          h.       Respondent has further failed to pay the regular child support payments
of $1,642.00 per month as ordered in the judgment signed on May 8,
1992.

          i.        The balance owed by Respondent on the previously confirmed child
support arrearages of $121,902.00 plus interest, is $298,835.00, inclusive
of unpaid confirmed support and accrued interest.

          j.        The additional amount of $75,532.00 is owed by Respondent because of
his failure to pay the regular monthly child support of $1,642.00 per
month as ordered in the judgment signed on May 8, 1992.

          k.       As of November 10, 2006, interest had accrued, at the applicable rates,
in the amount of $90,428.00 on the previously unconfirmed support
arrearage of $75,532.00.

          l.        As of November 10, 2006, the total child support arrearages plus interest
owed by Respondent because of Respondent’s failure to pay the regular
monthly child support payments of $1,642.00 ordered in the judgment
signed on May 8, 1992 is $165,960.00.

          m.      The total cumulative unpaid accrued child support, including accrued
interest, as of November 10, 2006, is $464,796.00.
Craig also challenges the trial court’s conclusions d, e, and f:
          d.       Petitioner should have a judgment for cumulative child support
arrearages, including accrued interest, against Respondent, Craig P.
Longhurst in the amount of $464,796.00.
          e.       The judgment should bear interest at the rate of six (6%) percent simple
interest per year.
          f.       The judgment is cumulative and includes the unpaid support balances
and interest due under this Court’s prior order.        
          We begin by addressing Craig’s contention that the challenged findings of fact
and conclusions of law are not supported by the evidence because they do not take into
account his testimony that he made three payments toward the 1992 judgment in the
amount of $625.00. 
          The trial court, as the sole decider of the candor, demeanor, and credibility of
the witnesses, and as fact finder, may decline to accept as true the testimony of an
interested witness even if uncontradicted. See Glassman & Glassman v. Somoza, 694
S.W.2d 174, 176 (Tex. App.—Houston [14th Dist.] 1985, no writ). Testimony from
an interested witness may establish a fact as a matter of law only if the testimony could
be readily contradicted if untrue, and is clear, direct, and positive, and there are no
circumstances tending to discredit or impeach it. LMC Complete Automotive, Inc. v.
Burke, 229 S.W.3d 469, 483 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). 
          While Craig’s testimony could have been readily contradicted if untrue, and was
not discredited or impeached, it is not clear, direct, and positive. While Craig testified
that he made three payments pursuant to the “1992 judgment” in the amount of
$625.00, it is not clear whether these payments were made toward the 1992 judgment
or toward his regular child support payments. Likewise, as Craig concedes in his
brief, it is unclear whether he made three payments for a total of $625.00, or three
payments of $625.00 each. Accordingly, the court did not abuse its discretion in
disregarding Craig’s testimony.


 
          We next address Craig’s complaint that there is no evidence supporting the
finding of fact that Craig owes a total of $298,835.00 on the 1992 judgment of
$121,902.00, meaning that the court awarded $176,933.00 as interest on the 1992
judgment. However, the trial court took judicial notice of its 1992 Texas order,
ordering the arrearages judgment in the amount of $121,902.00 with interest set at 10
percent per annum. Therefore, there is some evidence to support the trial court’s
finding that Craig owed $298,835.00 on the 1992 arrearages, inclusive of interest. 
          Similarly, Craig challenges the sufficiency of the evidence supporting the
findings of fact in which the trial court found that Craig owed $75,532.00 in
previously unconfirmed child support arrearages,


 and accrued interest on these
arrearages in the amount of $90,428.00. 
          Because the trial court took judicial notice of the 1992 Texas order, there is
some evidence supporting the court’s finding on the amount of previously
unconfirmed child support arrearages. In fact, Craig recognizes that, using the dates
and monthly child support obligation stated in the 1992 Texas order, 46 monthly
payments of $1,642.00 were owed from May 1992 to February 1996, for a total of
$75,532.00.


 
          Furthermore, to determine the amount of interest owed on the previously
unconfirmed child support arrearages, the court only needed to turn to the Family
Code, which governs such interest rates. See Tex. Fam. Code Ann. § 157.265. Craig
contends that the trial court erred by calculating interest on the entire amount of
previously unconfirmed child support arrearages at a 12 percent rate, because the
statutory interest rate for unpaid child support arrearages became six percent on
January 1, 2002. See id. § 157.265(a), (e). However, in its findings of fact the court
found that interest accrued, “at the applicable rates, in the amount of $90,428.00.” 
(emphasis added). Therefore, Craig’s argument that a 12 percent interest rate was
used to determine the whole amount of interest owed is not reflected by the trial
court’s findings of fact.


 
          Accordingly, we hold that there is some evidence supporting the trial court’s
findings that Craig owes $298,835.00 on the 1992 judgment plus interest, and
$165,960.00 on the previously unconfirmed child support arrearages plus interest. 
However, because these amounts combined equal $464,795.00, we modify the court’s
cumulative judgment of $464,796.00 to reflect that the total cumulative unpaid child
support owed as of November 10, 2006 is $464,795.00.


 We hold that the cumulative
 judgment, as modified, is supported by some evidence in the record. 
          We overrule Craig’s seventh issue.
Conclusion
          We modify the trial court’s cumulative judgment of $464,796.00 to reflect that
the total cumulative unpaid child support and interest owed is $464,795.00. We affirm
the judgment of the trial court as modified. 
 



                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Nuchia, Alcala, and Hanks.