**Opinion issued November 17, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00907-CV

_____

**JOHN FREEMAN, JR., Appellant**

**V.**

**FORMOSA MANAGEMENT, L.L.C., Appellee**

On Appeal from the 234th District Court
Harris County, Texas
Trial Court Case No. 2013-76492

## MEMORANDUM OPINION

In this appeal, we consider a collateral attack on a nine-year-old partition judgment, which the appellant, a party to the partition, alleges is void for lack of subject-matter jurisdiction because the appellee's predecessor did not have standing to bring the partition suit at the time it was filed. We affirm.

# BACKGROUND

### *The 2007 Partition Suit and Judgment*

On April 20, 2007, Patrick Freeman filed a petition in the 164th District Court of Harris County, alleging that he and appellant, John Freeman, as tenants in common, owned property at 816 West 21st Street, Houston, Texas, and seeking partition of the property. Patrick asserted that he owned an undivided two-thirds interest in the property and that John owned an undivided one-third interest in the property.

On September 14, 2007, John filed a response or answer to the petition.

On September 26, 2007, Patrick filed a motion for default judgment against John.

After a post-answer default hearing, the trial court signed the Default Judgment Granting Sale of Real Property on October 29, 2007. In the partition judgment, the trial court found that "[Patrick] owns a an undivided two-thirds interest in fee simple in the Property and that [John] owns a one-third interest in the Property in fee simple," and that "the property is not susceptible to fair and equitable partition in kind." Accordingly, the trial court ordered that the property "be sold through a licensed Texas Realtor and that the proceeds of the sale be distributed among the parties . . . listed above in accordance with their proportional interest[.]"

2

### The 2008 Order Appointing a Receiver

On February 21, 2008, Patrick filed an application for the appointment of a receiver to sell the property.

On May 8, 2008, the trial court signed an order appointing a receiver to sell John's interest in the property and giving the receiver "the authority to sign and execute all deeds and other documents necessary to complete a private sale of the referenced real property in the name of John Freeman."

### Two Direct Appeals

On June 3, 2008, John filed a notice of appeal purporting to attack both the October 29, 2007 partition judgment and the May 8, 2008 order appointing a receiver.

On June 25, 2009, the Fourteenth Court of Appeals issued an opinion holding that John's appeal from the October 29, 2007 partition judgment was untimely. *Freeman v. Freeman*, 14-08-00800-CV, 2009 WL 1795366, at *1 (Tex. App.— Houston [14th Dist.] June 25, 2009, no pet.) (mem. op.). The court of appeals noted that, while John's appeal from the May 8, 2008 order appointing a receiver was timely, his claim that Patrick lacked standing and capacity to bring the partition suit was an improper collateral attack on the partition judgment. *Id.* Accordingly, the court of appeals affirmed the May 8, 2008 order appointing a receiver. *Id.*

3

On September 25, 2009, John filed another notice of appeal attacking the May 8, 2008 order appointing a receiver.

On December 17, 2009, the Fourteenth Court of Appeals issued an opinion dismissing the appeal because John had not paid for or made arrangements to pay for the clerk's record. *See Freeman v. Freeman*, 14-09-00835-CV, 2009 WL 4840218, at *1 (Tex. App.—Houston [14th Dist.] Dec. 17, 2009, no pet.) (mem. op.)

### *The Bill of Review*

In August 2009, the appointed receiver sold the property to Joseph and Kim Pedigo, who eventually sold the property to Kevin Sonnier. The Pedigos eventually foreclosed on Sonnier, and the property was then sold to Formosa Management, L.L.C., the appellee here.

In October 2011, John filed a bill of review against Patrick, again attacking the partition judgment and subsequent sale of the property. John alleged that he was not properly served and that he was the sole owner of the property when it was sold. He also amended his suit to include the subsequent owners of the property in addition to Patrick. In September 2013, John nonsuited this case as to all defendants.

### *Trespass to Try Title—Summary Judgment Granted to Property Purchaser*

Finally, on December 20, 2013, John filed the present case as a trespass- to-try-title action against Formosa. Formosa answered, asserting the affirmative defenses of res judicata and statute of limitations. On June 1, 2015, Formosa filed a

traditional motion for summary judgment on its affirmative defenses of res judicata and statute of limitations. John responded, arguing that the affirmative defenses did not apply because the underlying partition judgment was void. John argued that the trial court had no subject-matter jurisdiction to enter the partition judgment because Patrick had no standing to bring it. Specifically, John argued that because Patrick had no interested in the property at the time he sought the partition, the trial court had no subject-matter jurisdiction to grant him a partition. The trial court granted Formosa's motion for summary judgment, and this appeal followed.

## PROPRIETY OF SUMMARY JUDGMENT

In two issues on appeal, John contends the trial court erred in granting summary judgment on both of Formosa's affirmative defenses—res judicata and statute of limitations. John's contention regarding both is that the 2007 partition judgment is void, thus res judicata and the statute of limitations do not apply.

### *Standard of Review & Applicable Law*

To prevail on a traditional summary-judgment motion, a movant has the burden of proving that it is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a plaintiff moves for summary judgment on its claim, it must establish its right to summary judgment by conclusively proving all the elements of its cause of action as a matter of law. *Rhône Poulenc, Inc. v. Steel*, 997

5

S.W.2d 217, 223 (Tex. 1999); *Anglo–Dutch Petroleum Int'l, Inc. v. Haskell*, 193 S.W.3d 87, 95 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). When deciding whether there is a disputed, material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference must be indulged in favor of the non-movant and any doubts must be resolved in its favor. *Id.* at 549.

A defendant who moves for summary judgment based on an affirmative defense bears the burden of conclusively proving each essential element of that defense. *Fed. Dep. Ins. Corp. v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012) (*quoting Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996) (per curiam)). Once a defendant establishes a right to summary judgment, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact on at least one element of the defendant's affirmative defense. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). A defendant who conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

Res judicata, or claim preclusion, prevents a party from bringing a claim that has already been decided by an earlier judgment. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 629 (Tex. 1992). "The policies behind the doctrine [of res judicata] reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Id.* The elements required to establish res judicata are "(1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims that were raised or could have been raised [out of the same subject matter] in the first action." *Amstadt v. U. S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

### Law Regarding Collateral Attacks on Judgments for Voidness

Here, John attacks only the first element of res judicata. Specifically, he contends that the 2007 partition judgment is void because Patrick lacked standing to bring it. John claims that he and Patrick had both sold their interest in the property, but that when the purchaser defaulted, John alone repurchased the property from the bank. Patrick responds that the 2007 partition judgment is not void, thus the underlying trespass-to-try-title suit is a prohibited collateral attack on that judgment.

A collateral attack seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012); *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex.

7

2005). A litigant may attack a void judgment directly or collaterally, but a voidable judgment may only be attacked directly. *See Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009). A collateral attack is distinguishable from a direct attack, which includes a standard appeal, motion for new trial, or bill of review that seeks to correct, amend, modify, or vacate a judgment. *PNS Stores*, 379 S.W.3d at 271.

When reviewing a collateral attack, we presume that the judgment under attack is valid. *Stewart v. USA Custom Paint & Body Shop*, 870 S.W.2d 18, 20 (Tex. 1994). The record affirmatively demonstrates a jurisdictional defect sufficient to void a judgment when it either: (1) establishes that the trial court lacked subject-matter jurisdiction over the suit; or (2) exposes such personal jurisdictional deficiencies as to violate due process. *PNS Stores, Inc.*, 379 S.W.3d at 273.

A judgment is void only when it is apparent that the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act. *Travelers Ins. Co. v.. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010) (*citing Browning*, 165 S.W.3d at 346). Errors other than lack of jurisdiction are voidable. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003); *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987). Because of this distinction, when a party challenges the trial court's judgment as void, we first determine whether the alleged defect renders the judgment void or merely voidable. *See PNS Stores*, 379 S.W.3d at 272 n.8 (noting that "court's precision in

8

discussing the judgment as void or voidable is important in order to avoid engendering confusion when the distinction is material").

In this case, we find two reasons that John's allegations of voidness by way of collateral attack on the 2007 partition judgment necessarily fail. First, John has not provided a complete record of the underlying partition suit, thus we cannot say that he has shown a lack of jurisdiction, as a matter of law, based on the face of the record as a whole. Second, partition is a statutory cause of action, and, while Patrick's alleged lack of interest in the property might have prevented him from prevailing in his suit for partition, it does not deprive the trial court of subject-matter jurisdiction. We address each of these reasons respectively.

**1. Insufficient Record to Establish that 2007 Partition Judgment is Void as a Matter of Law**

Here, we presume that the 2007 judgment is valid. *See Stewart*, 870 S.W.2d at 20. Thus, Patrick has met his summary judgment burden to show the first element of res judicata, i.e., a prior final judgment on the merits by a court of competent jurisdiction. Nevertheless, John counters that the 2007 judgment is void and the trial court lacked subject-matter jurisdiction because Patrick had no standing to bring the partition suit. John, as the party collaterally attacking the judgment, bears the burden of demonstrating that, as a matter of law, the 2007 partition suit is void. *Armentor v. Kern*, 178 S.W.3d 147, 149 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Assuming that Patrick's interest in the property is necessary for standing, we note that standing is an element of subject matter jurisdiction that cannot be waived and can be raised at any time. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993); *Myer v. Cuevas*, 119 S.W.3d 830, 833 (Tex. App.—San Antonio 2003, no pet.). In support of his claim of voidness, John points to an abstract of title that he attached to his response to summary judgment, which purportedly shows that he and Patrick sold their interest in the property in 1986, and that when the purchaser defaulted on his mortgage, John repurchased the property from the bank. Thus, John contends that Patrick had no interest in the property to partition when he filed suit several years later.

It has long been held that a litigant challenging the validity of a judgment in another court may not use extrinsic evidence to establish a lack of jurisdiction; the jurisdictional defect must be apparent from the face of the judgment; if a court having potential jurisdiction renders a judgment with recitations that the court's potential jurisdiction has been activated, the judgment may only be set aside on direct attack; and that jurisdictional recitals control the rest of the record and the collateral attack fails even if the rest of the record shows a lack of jurisdiction. *See Holloway v. Starnes*, 840 S.W.2d 14, 18 (Tex. App.—Dallas 1992, writ denied).

However, recent authority from the Texas Supreme Court suggests that we should look at the entire record of the case under collateral attack. *See PNS Stores*,

379 S.W.3d at 273 (stating "we do not agree that we must confine our review to the face of the judgment" and "we may look beyond its face to determine whether the record affirmatively demonstrates that the trial court lacked jurisdiction"). The Texas Supreme Court has even suggested that it might be appropriate to consider extrinsic evidence outside the record of the suit under collateral attack. *See York v. State*, 373 S.W.3d 32, 42 (Tex. 2012) (questioning the continued viability of the "no-extrinsic-evidence" rule).

Here, the partition judgment states that the court held a hearing before rendering the post-answer default judgment. At the hearing, the trial court considered the "presentation of testimony and arguments of counsel," and concluded that John and Patrick "are the sole owners of [the Property]," and Patrick "owns an undivided two-thirds interest in fee simple in the Property and [John] owns a one-third interest in the Property in fee simple."

We presume, as we must, that these recitals in the judgment, are correct. Even if we consider John's extrinsic evidence, i.e., the abstract of title that he attached to his response to summary judgment, we would also need to consider the record before the trial court at the time of the partition judgment to determine whether John has met his burden to show that the judgment is void. The trial court held an evidentiary hearing at the time of the post-answer default judgment, but John has not included the record from that hearing as evidence in this case. And, although there are

11

portions of the clerk's record from the partition suit in the record of the present case, the entire clerk's record from the partition suit have not been included in the record of the present case. Without the record from the partition suit, we cannot conclude that the recitals in the judgment are incorrect and that John has carried his burden to show that the partition judgment is void.

**2. Standing or an Issue that Goes to the Merits?**

John's position that the partition judgment is void is based on the premise that Patrick's ownership interest in the property, or lack thereof, goes to his standing, which is an element of subject-matter jurisdiction. However, John confuses the issue of standing with an issue that goes to the merits Patrick's partition action. The applicable statutory provisions provide:

> A joint owner or claimant of real property or an interest in real property . . . may compel a partition of the interest or the property among the joint owners or claimants . . . .

> A joint owner or a claimant of real property or an interest in real property may bring an action to partition the property or interest in a district court of a county in which any part of the property is located.

TEX. PROP. CODE ANN. §§ 23.001, 23.002(a) (West 2014).

"The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it." *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex. 2000) (citation omitted). Thus, the question we

must decide is whether joint ownership or an interest in the real property was jurisdictional, or merely an element of Patrick's partition action that he was required to prove to be entitled to the relief he requested. We believe the correct answer is the latter.

Texas district courts are courts of general jurisdiction, and subject-matter jurisdiction over a cause of action is presumed unless a contrary showing is made. *Kazi*, 12 S.W.3d at 75. In *Kazi*, our supreme court held that the statutory requirement in that case was not jurisdictional. *Id.* at 73. The court concluded that a plaintiff's failure to establish a statutory prerequisite does not deprive the trial court of subject-matter jurisdiction over the plaintiff's claim if the statutory prerequisite is merely a condition on which the plaintiff's right to relief depends. *Id.* at 76–77. Thus, a statutory requirement may be mandatory without being jurisdictional. *Id.* at 76.

As a district court, the trial court has general, subject-matter jurisdiction over suits involving title to land. *See* TEX. CONST. art. V, § 8 (district court has exclusive, original jurisdiction of "all actions, proceedings, and remedies," except when the constitution or other law confers jurisdiction on some other court); TEX. GOV'T CODE ANN. § 24.007 (Vernon 2000) ("The district court has the jurisdiction provided by Article V, Section 8 of the Texas Constitution."); TEX. PROP. CODE ANN. § 23.002(a) (governing partition actions and stating that joint owner or claimant of real property

13

may bring partition action in district court of county in which property is located); *see Doggett v. Nitschke*, 498 S.W.2d 339, 339 (Tex. 1973).

These authorities give the district court the power to determine whether a "claimant" has an interest in a property, and, if he or she does, to order it partitioned. As such, Patrick's interest in the property is an element of his partition cause of action, but not a jurisdictional prerequisite. *See Manchaca v. Martinez*, 148 S.W.2d 391 (Tex. 1941) (stating that to establish right to have tract partitioned, appellants had burden of proving joint ownership and equal right to possession with other joint owners); *Savell v. Savell*, 837 S.W.2d 836, 840 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (stating that in suit to partition land, party must show joint ownership in land and present possessory interest).

If a petitioner fails to prove that he had an interest in the property he seeks to have partitioned, the trial court's judgment partitioning the property may be erroneous, but it does not deprive the trial court of jurisdiction. *See Reiss*, 118 S.W.3d at 442 (holding that trial court has jurisdiction to characterize community property, even if it does so incorrectly).

We conclude that John is unable to carry his burden to show that the trial court acted without subject-matter jurisdiction; thus his collateral attack on the judgment necessarily fails.

## CONCLUSION

For the two reasons given above, John cannot carry his burden to show that the partition judgment is void for lack of subject-matter jurisdiction. Accordingly, the trial court did not err by granting Patrick's summary judgment based on the doctrine of res judicata.

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Bland.

15